**IN THE UNITED STATES DISTRICTCOURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LOUIE NABONG,** | ) | |
| | ) | Civil Case No. **1: 17-CV-00400-RC** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **OFELIA PADDAYUMAN,** ***et al.*** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# DEFENDANTS' MOTION TO DISMISS

Defendants, Ofelia Paddayuman and Maria Cristina Louise Sy, pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), hereby move this Court to dismiss Plaintiff's Complaint for lack of venue. In the alternative, Defendants move for the transfer of these cases to the Eastern District of Virginia.

As required by Local Rule 7(a), the reasons supporting this Motion are set forth in Defendants' Memorandum in Support of Their Motion to Dismiss. A Proposed Order is also attached as required by Local Rule 7(c). Defendants have served counsel for Plaintiffs with copies of this Motion, the Memorandum, and the Proposed Order.

Respectfully submitted,

*s/A. Euphus Belu-John*
A. Euphus Belu-John, Esq., M.A
DC Bar ID:1031198
Attorney & Counselor at Law
Belu-John Law, PLLC
4005 Wisconsin Ave. NW, #5841
Washington, DC 20016
Phone: (202) 683-7497
Email: ab@belu-johnlaw.com
*Counsel for Defendants*

Dated: May 21, 2017.

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LOUIE NABONG** | **)** | |
| | ) | Civil Case No. **1: 17-CV-00400-RC** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **OFELIA PADDAYUMAN,** ***et al.*** | **)** | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................iii

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 1

I. Plaintiffs provide no basis for venue in the District of Columbia ............................ 2

A. Section 1391(b)(2) is inapplicable because no substantial part of the events or omissions giving rising to Plaintiff's claims occurred in the District of Columbian. ... 2

II. This civil action must be dismissed or transferred .................................................. 5

III. Venue would be proper in the Eastern District of Virginia ..................................... 8

A. Paddayuman et. al resides in Virginia ................................................................ 9

..........................................................................................................................

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Abramoffv. Shake Consulting, L.L.C.*,
288 F. Supp. 2d 1, 4-5 (D.D.C. 2003)....................................................4

**Adrian v. United States*, No. Civ. A. 04-1721,
2006 WL 763076 (D.D.C. Mar. 13, 2006)............................................................ 2

*Coté v. Wadel*,
796 F.2d 981 (7th Cir. 1986).................................................................................. ..6

*Elemary v. Philipp Holzmann A.G.*,
533 F. Supp. 2d 144, 149 (D.D.C. 2008)......................................................3, 4

*Freeman v. Fallin*,
254 F. Supp. 2d 52 (D.D.C. 2003) ......................................................................... 1

*Goldlawr, Inc. v. Heiman*,
369 U.S. 463 (1962)................................................................................................ 8

*Helmer v. Doletskaya*,
393 F.3d 201 (D.C. Cir. 2004) ……………...................................................................... 4

*King v. Wall & Beaver St. Corp.*,
145 F.2d 377 (D.C. Cir. 1944) ......................................................................... …9

*Lamont v. Haig*,
590 F.2d 1124, 1135 (D.C. Cir. 1978))........................................................…3

*Mwani v. Bin Laden*,
417 F.3d 1 (D.C. Cir. 2005).................................................................................... 5

*Nichols v. G.D. Searle & Co.*,
991 F.2d 1195 (4th Cir. 1993) ................................................................................ 6

*Osan, Ltd. v. Accenture, LLP*,
No. Civ. A. 04-1296 (RWR), 2005 WL 2902246 (D.D.C. Sept. 30, 2005).................4

*Prakash v. Am. Univ.*,
727 F.2d 1174 (D.C. Cir. 1984)............................................................................... 9

*Rogers v. Metro. & City Police New Scotland Yard of London*,
Civ. A. No. 91-2124 (CRR), 1992 WL 23669 (D.D.C. Jan. 23, 1992)................................ 2

*Sinclair v. Kleindienst*,
711 F.2d 291 (D.C. Cir. 1983)........................................................................ 8

*State Farm Mut. Auto. Ins. Co. v. Bussell*,
939 F. Supp. 646 (S.D. Ind. 1996)........................................................................... 2

*United States v. Toushin*,
714 F. Supp. 1452 (M.D. Tenn. 1989) .................................................................... 5

**Statutes**

28 U.S.C. § 1391(b)(1) ........................................................................................................ ……8

28 U.S.C. § 1391(b)(2) ..........................................................................................................1,2,5,7,8

28 U.S.C. § 1406(a) ..............................................................................................................1, 2, 6, 8, 9

Fed. R. Civ. P. 12(b)(3)… ........................................................................................................ 1

**Miscellaneous**

14D WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3805
(Westlaw 2008)............................................................................................................ 8

14D WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3806.1
(Westlaw 2008)........................................................................................................ 3,4

14D WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3827
(Westlaw 2008)............................................................................................................ 7

# INTRODUCTION

Ofelia Paddayuman and Maria Cristina Louise Sy et. al. (collectively, "Defendants" or "Paddayuman et. al."), respectfully submit this Memorandum of Law in Support of Their Motion to Dismiss for Lack of Venue.

All claims should be dismissed because Plaintiff ("Plaintiff" of "Nabong") has failed to satisfy their burden of establishing that venue is proper in this Court.

# ARGUMENT

Plaintiff offers no grounds supporting venue in this Court. When venue is defective, 28 U.S.C. § 1406(a), authorizes this Court either to dismiss or to transfer the action. All Defendants reside, for venue purposes, in Virginia and venue would therefore be proper in the Eastern District of that State. Here, however, because Plaintiff has failed to allege any plausible basis for the District of Columbia being a proper venue, Defendants request that this Court dismiss Plaintiff's complaint altogether.

## I. Plaintiff provides no basis for the District of Columbia being a proper venue.

The Plaintiff's complaint fails to establish any basis for venue in this Court. Plaintiff has the "obligation to institute the action in a permissible forum," and thus bears "the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). Here, Plaintiff mistakenly relies on one provision in support of venue in the District of Columbia - 28 U.S.C. § 1391(b)(2). Compl. Pg. 3 ¶ 30. As explained below, that provision is irrelevant.

### A. Section 1391(b)(2) is inapplicable because no substantial part of the events or omissions giving rising to Plaintiff's claims occurred in the District of Columbia.

The venue provision cited in the Plaintiff's Complaint provides no basis for venue in this Court. Section 1391(b)(2) authorizes venue in "a judicial district in which a substantial part

of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." No property is at issue in either of these cases, and the "events or omissions giving rise" to Plaintiff's claims are allegedly statutory and tortious actions that took place in Virginia and not the District of Columbia. Plaintiff's own complaint confirm these facts. *See* Compl. Pg. 4 ¶9-11. Specifically, Plaintiff's complaint alleges: 1) that Defendants resided in the State of Virginia "at all relevant times" and "the job was to provide in-home childcare…" in Defendants' home. Complt. Pg. 4 ¶10-11; Compl. Pg. 5 ¶15-16). Moreover, Plaintiff sues for, *among other things*, violation of Virginia law. Specifically, Plaintiff's complaint attempts to bring claims under the Virginia Minimum Wage Act, the Virginia's Labor and Employment law statutes. *See* Compl. Pg. 1-26.

It is well-settled that when deciding on a venue, in tort actions, "substantial part" means "where the allegedly tortious actions occurred and the place where the harms were felt." *Adrian v. United States*, No. Civ. A. 04-1721, 2006 WL 763076, *2 (D.D.C. Mar. 13, 2006) (Walton, J.) (finding no venue under Section 1391(b)(2) for a *Bivens* claim when "all of the allegedly injurious acts occurred in" another state); *see also* 14D WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3806.1 (Westlaw 2008); *State Farm Mut. Auto. Ins. Co. v. Bussell*, 939 F. Supp. 646, 650 (S.D. Ind. 1996) (Barker, C.J.) (distinguishing contract and tort suits on this basis under the identical language of Section 1391(a)(2)). Plaintiff's statutory and tort claims, as alleged, occurred in Virginia. Thus, there is simply no basis for venue in this Court under Section 1391(b)(2). *See, e.g*, *Rogers v. Metro. & City Police New Scotland Yard of London*, Civ. A. No. 91-2124 (CRR), 1992 WL 23669, at *1 (D.D.C. Jan. 23, 1992) (finding venue improper in this Court under Section 1391(b)(2) because

the "complaint describe[d] no important events giving rise to [plaintiff's] claim which took place in the District of Columbia or property alleged to be located in the District" but rather "describe[d] events occurring mostly in Colorado, California, or overseas").

The complaint asserts that venue here is proper under 28 U.S.C. § 1391(b)(2). Compl. Pg. 3 ¶ 8. That is incorrect.

Section 1391(b)(2) authorizes venue only in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* Plaintiff has the burden of showing that venue is proper "with respect to each cause of action." *Elemary v. Philipp HolzmannA.G.,* 533 F. Supp. 2d 144, 149 (D.D.C. 2008) (quoting *Lamont v. Haig,* 590 F.2d 1124, 1135 (D.C. Cir. 1978)). The preceding section of this brief makes plain that there are not even "minimum contacts" with D.C. sufficient to support specific jurisdiction for any of Nabong's claims. But even if it were otherwise, it would be incontrovertible that a *substantial* part of the events or omissions giving rise to Nabong's claim did not occur in the District. 28 U.S.C. § 1391(b)(2) (2008).

Plaintiff's complaint alleges a contract and/or reliefs on contract theory. In a contract action "to determine whether a substantial part of the underlying events or omissions occurred in a given district, courts typically look to: where the contract was negotiated or executed, where it was to be performed, where the alleged breach occurred." *Elemary,* 533 F. Supp. 2d at 150 (quotation marks omitted); *accord* 14D Wright, Miller & Cooper, *Federal Practice & Procedure* § 3806.1 at 205-212 (3d ed. 2007) ("Wright & Miller"). As explained above, neither party to the alleged contract between Paddayuman, et. al. and Nabong is a District resident, the agreements were to be performed outside the District, they were allegedly breached outside the District, and negotiated in Virginia.

Contract claims with significantly more connection to the District have been found to lack proper venue. *See, e.g., Abramoffv. Shake Consulting, L.L.C.,* 288 F. Supp. 2d 1, 4-5 (D.D.C. 2003) (venue lacking even though contract was partially negotiated in the District, partially executed in the District, and even though plaintiff suffered injury from the breach in the District, because the breach occurred outside the District). Nabong's contract and related claims should likewise be dismissed for improper venue.

Nabong's tort claims fare no better. "To determine where transactional venue will lie in a tort action, courts typically look to 'where the allegedly tortious actions occurred and ... where the harms were felt.'" *Elemary,* 533 F. Supp. 2d at 151 (quoting 14D Wright & Miller§ 3806.1 at 212-215). Nabong has not alleged that Paddayuman, et. al. made its allegedly false promises or committed bad acts in the District of Columbia, and the alleged harms—whether conceived as detriment to Nabong or benefit to Paddayuman, et. al.—occurred in Virginia, not the District of Columbia. Courts in this district routinely dismiss tort claims even where—unlike here—the Plaintiff can mount some colorable claim of some connection to the District. *See, e.g., Helmer,* 393 F.3d at 208-09 (no personal jurisdiction even though plaintiff was a D.C. resident and the defendant "fraudulently concealed her personal background during her visit to the District," allegedly leading plaintiff to enter various oral agreements); *Elemary* 533 F. Supp. 2d at 151 (venue improper over conspiracy to defraud claim despite allegations that the fraud involved contract negotiations in the District and funds obtained from a federal agency in the District); *Osan,* 2005 WL 2902246, at *3 (venue improper even though alleged fraudulent statements were made to plaintiff's counsel in the District). Accordingly, Nabong's claims should be dismissed for lack of venue.

Nabong's recitation of needless detail about the alleged contractual relationship and the depraved acts pursuant to, between Nabong and Paddayuman, et. al. is no more than an effort to change the subject. This case is about events in Virginia. For none of the eleven claims can it fairly be said that a "substantial part of the events or omissions giving rise to the claim occurred" in the District. 28 U.S.C. § 1391(a)(2).

Instead Nabong offers the Court a red-hearing by stating where visa related documents are processed, prepared, and telephone communications—all of which rest at the location of a third-party not a litigant to this suit—should rise to the level of "substantial part of the events or omissions giving rise to the claim occurred in this district". *Id.* Paddayuman et. al. asserts that more than, if not all, of Nabong's complaint draws the Courts attention to only alleged instances and facts which occurred in Virginia.

**II. This civil action must be dismissed or transferred.**

Plaintiff filed a complaint without alleging any plausible basis for venue in this Court. Moreover, because this suit do not rest on "a substantial part of the events or omissions giving rise to" Plaintiff's claims could not possibly have occurred in the District of Columbia, no discovery is needed before this Court dismisses Plaintiff's complaints. *See Mwani v. Bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005) (upholding a denial of jurisdiction-related discovery because the court could "not see what facts additional discovery could produce that would affect [the] jurisdictional analysis") (internal quotation marks and citation omitted); *see also United States v. Toushin*, 714 F. Supp. 1452, 1460 (M.D. Tenn. 1989) (denying motion for venue-related discovery because the court was disposing of the venue motions and had "no

reason to prolong this matter with unnecessary discovery"). This Court should therefore dismiss the complaints in the above-captioned matter for lack of venue and deny any venue-related discovery.

In this case, dismissal—not transfer to U.S. District Court Eastern District for Virginia "E.D. Va."—is appropriate. Because Plaintiff filed this case in the wrong court, the resolution of venue is governed by 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Id*. Accordingly, this Court has the discretion either to dismiss this case or to transfer them to a district court where venue is proper, namely E.D. Va.

A Court must dismiss a suit where venue is improper. Fed. R. Civ. Pro. 12(b)(3); 28 U.S.C. § 1406(a) (2008) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss ... such case... "). Here, where the venue is not proper over defendants nor proper venue require dismissal. Following dismissal, Plaintiff could re-file its suit in a federal district court where jurisdiction and venue are proper, if and when it sees fit to do so.

Furthermore, it is appropriate for this Court to dismiss rather than transfer an action when a plaintiff has "committed an obvious error in filing [its] action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (affirming a dismissal for lack of personal jurisdiction). In such a circumstance, it would not serve the interests of justice and judicial economy "simply to transfer [the] action to the proper court, with no cost to" Plaintiff or Plaintiff's counsel. *Id.*; *Coté v. Wadel*, 796 F.2d 981, 984-85 (7th Cir. 1986) (Posner, J.)

(dismissing rather than transferring an action, even though the statute of limitations had run, because "litigants and the public will benefit substantially in the long run from better compliance with the rules limiting personal jurisdiction"). This general rule also is applicable to cases where a plaintiff sues in an obviously improper forum. Although general practice is to transfer a case to a forum where venue is proper, "district courts often dismiss a case, rather than transfer it under Section 1406(a), if the plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper and similar conduct should be discouraged." 14D WRIGHT, MILLER & COOPER § 3827 & n.37.

Here, the case for dismissal is strong. First, Plaintiff has filed the Complaint but have failed to offer any explanation that is even remotely plausible for venue in this Court. Plaintiffs have a misguided reliance on 28 U.S.C § 1391.

Second, Plaintiffs' own allegations regarding the Defendants invariably refer to Burke, Virginia or other cities in Virginia, not Washington, D.C. Plaintiff mentions the District of Columbia only sparingly in certain paragraphs to (1) to notice the Court as to where they believe Paddayuman et. al. were employed and (2) under their Jurisdiction and Venue section to detail the alleged fraudulent visa documents in order to show that "substantial part of the events or omissions giving rise to the claim occurred in the District". Compl. Pg.1 ¶ 2; Compl. Pg. 3 ¶ 8. But this generic assertion (1) alleges nothing concrete and (2) bears no relationship to the venue provisions on which Plaintiff's rely.

Therefore, given the fact that Plaintiff has now made no effort whatsoever to connect their allegations to the venue requirements of federal law or the location of even one of the numerous parties they have named as Defendants, dismissal is appropriate against the named Defendants. In the alternative, Defendants request that this Court transfer these cases to a court

where venue is proper, namely E.D. Va.

Defendant acknowledges that dismissal is not the only remedy for a complaint filed where personal jurisdiction is lacking or venue is improper. "[I]f it be in the interest of justice," the Court may cure such defects by transferring a case to a district court where venue is proper and personal jurisdiction exists. 28 U.S.C. § 1406(a); *see also Goldlawr, Inc. v. Heiman,* 369 U.S. 463,465 (1962) ("Nothing in [the] language [of 1406(a)] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."); *Sinclair v. Kleindienst,* 711 F.2d 291, 293-94 (D.C. Cir. 1983) (stating that Section 1406(a) can be used to remedy defects of venue *or* personal jurisdiction). The District of Virginia—where the Defendants reside and where the alleged actionable acts at issue occurred, as admitted by the Plaintiff—is the only proper court.

## III. Venue would be proper in the Eastern District ofVirginia.

Given the allegations in Plaintiff's complaints, venue would be proper in the Eastern District of Virginia ("E.D. Va."). Through the alleged acts proffered by the Plaintiff, seemingly their complaint concedes that venue is proper in Virginia. Compl. Pg. ¶ 8. Under Section 1391—which Plaintiff cite in their complaints—venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." As demonstrated below, all Defendants reside in Virginia and thus venue is proper in E.D. Va. under Section 1391(b)(1). Nevertheless, Defendants submit that this case should be dismissed, not transferred to E.D. Va., for the reasons given below.

### A. Paddayuman et. al. resides in Virginia.

An individual defendant resides in the place of his domicile. *King v. Wall & Beaver St. Corp.*, 145 F.2d 377, 378-79 (D.C. Cir. 1944); 14D WRIGHT, MILLER & COOPER § 3805 & n.12. In determining a person's domicile, courts consider "two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984).

Paddayuman et. al. resides in Virginia for a combination of 55 years. Paddayuman et. al.'s domicile is in Burke, Virginia, and Fairfax, VA where they live and intend to continue residing indefinitely. Plaintiff concedes this point in their complaint by not only stating all the substantial alleged events and acts only occurred Virginia but also by their admission that Paddayuman et. al. "…resided at 6109 Lundy Place, Burke, Virginia…[and]… Fairfax, Virginia… at all relevant times". Compl. Pg. 4 ¶ 10-11.

The Defendants have only resided in Virginia since migrating from the Philippines. Plaintiff's admits to living at the Virginia home during "all relevant times'.

* * * * *

## CONCLUSION

For the reasons set forth above, this civil action should be DISMISSED for lack of personal jurisdiction and improper venue or, if this Court finds that it is in the interests of justice, TRANSFERRED to the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a).

***WHEREFORE***, Defendants respectfully request that

A. the Court grant their Motion and enter an order dismissing in their entirety the Plaintiff's Complaint; or in the alternative

B. The Court transfer the above-captioned case to the U.S. District Court for the Eastern District of Virginia;

C. The Court deny any venue related discovery; and

D. The Court in any event, Defendants respectfully request that this Court grant any further relief as deemed proper.

Respectfully submitted,

s/A. Euphus Belu-John
A. Euphus Belu-John, Esq., M.A
DC Bar ID:1031198
Attorney & Counselor at Law
Belu-John Law, PLLC
4005 Wisconsin Ave. NW, #5841
Washington, DC 20016
Phone: (202) 683-7497
Email: ab@belu-johnlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on or about this 21st day of May, 2017, a copy of the foregoing Motion To Dismiss was filed and served in accordance with the Court's CM/ECF guidelines upon:

Robert Stern, Daniel Streim
Orrick, Herrington & Sutcliffe LLP
Collumbia Center
1152 15th Street NW
Washington, DC 20005
Attorneys for Plaintiffs

*s/A. Euphus Belu-John*
*A. Euphus Belu-John, Esq., M.A*
*DC Bar ID:1031198*
*Attorney & Counselor at Law*
Belu-John Law, PLLC
4005 Wisconsin Ave. NW, #5841
Washington, DC 20016
Phone: (202) 683-7497
Email: ab@belu-johnlaw.com

*Counsel for Defendants*